UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MATTIE WILKERSON                                      CIVIL ACTION

VERSUS                                                NO. 25-834-BAJ-RLB

SAFECO INSURANCE COMPANY
OF AMERICA

**ORDER**

Before the Court is Defendant's Motion to Compel Plaintiff's Discovery Responses. (R. Doc. 9). The deadline for filing an opposition has expired. LR 7(f). Accordingly, the motion is unopposed. Defendant filed a Supplemental Memorandum. (R. Doc. 12).

**I.      Background**

On or about August 7, 2025, Mattie Wilkerson ("Plaintiff") initiated this action seeking to recover under an insurance policy issued by Safeco Insurance Company of America ("Defendant") for damages caused by a neighbor's tree falling on her property. (R. Doc. 1-2 at 2-5). Defendant removed the action on September 18, 2025. (R. Doc.1)

On September 30, 2025, Defendant served its First Set of Requests for Admissions, Interrogatories, Requests for Production of Documents, and Request for Inspection on Plaintiff. (R. Doc. 9-2).

Plaintiff had 30 days to respond to the written discovery requests after they were served. Fed. R. Civ. P. 33(b)(2); Fed. R. Civ. P. 34(b)(2)(A); Fed. R. Civ. P. 36(a)(3). Plaintiff did not provide responses by that deadline. Defendant certifies that the parties held a discovery conference on November 20, 2025, at which Defendant agreed to give Plaintiff until December 4, 2025 to provide responses. Responses were not provided and Defendant filed the Motion to Compel on December 12, 2025. (R. Doc. 9 at 2). Defendant now seeks an order compelling

Plaintiff to respond to the interrogatories and requests for production, finding the requests for admission to be deemed admitted, and awarding reasonable expenses pursuant to Rule 37(a)(5)(A). (R. Doc. 9-1).

Plaintiff did not file a timely response to Defendant's Motion to Compel. *See* LR 7(f). Nevertheless, without informing the Court, on December 30, 2025, Plaintiff provided late responses to Defendant's interrogatories, requests for production, and requests for admission. (R. Doc. 12-1).

Defendants then filed a Supplemental Memorandum, which argues that many of these responses remain "non-responsive," Plaintiff has failed to provide dates for Defendant's expert witness to inspect the property, and Defendant's requests for admission remain admitted notwithstanding Plaintiff's late denials. (R. Doc. 12).

Plaintiff did not file any response to Defendants' Motion to Compel (R. Doc. 9) or Defendant's Supplemental Memorandum (R. Doc. 12).

## II.   Law and Analysis

### A.   Legal Standards

"Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). The court must limit the frequency or extent of discovery if it determines that: "(i) the

discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Rule 26(c)'s "good cause" requirement indicates that the party seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).

A party must respond or object to an interrogatory or request for production within thirty days after service of the discovery. *See* Fed. R. Civ. P. 33(b)(2); Fed. R. Civ. P. 34(b)(2)(A). This default date may be modified by stipulation between the parties. Fed. R. Civ. P. 29(b). With respect to an interrogatory, the objection must "be stated with specificity" and objections are "waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(a)(4). With respect to a request for production, "[a]n objection must state whether any responsive materials are being withheld on the basis of that objection." Fed. R. Civ. P. 34(b)(2)(C). If a party fails to respond fully to discovery requests made pursuant to Rule 33 or Rule 34 in the time allowed by the Federal Rules of Civil Procedure, the party seeking discovery may move to compel responses and for appropriate sanctions under Rule 37. An "evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P. 37(a)(4).

A party may move "for an order compelling an answer, designation, production, or inspection" where "a party fails to answer an interrogatory submitted under Rule 33" or "a party fails to produce documents or fails to respond that inspection will be permitted--or fails to permit inspection--as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv).

Rule 36 is self-executing.[1] "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3). Rule 36(b) provides that "[a] matter admitted . . . is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. Proc. 36(b); *see In re Carney*, 258 F.3d 415, 419 (5th Cir. 2001) ("[A] deemed admission can only be withdrawn or amended by motion in accordance with Rule 36(b)."). "[T]he court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Fed. R. Civ. P. 36(b).

**B.     Analysis**

Here, the record supports a finding that Plaintiff did not provide responses within the default 30-day deadline after service if written discovery, did not provide responses by the December 4, 2025 extended deadline provided by Defendant, and then then only provided responses (with certain objections) after Defendant filed its Motion to Compel. Plaintiff also did not respond to Defendant's Motion to Compel or otherwise inform the Court that late responses

---

[1] A party cannot seek to compel the response to a request for admission pursuant to Rule 37(a). At the appropriate time in a proceeding, however, a party may seek the payment of reasonable expenses incurred where a responding party fails to admit what is requested under Rule 36 and the requesting party later proves a document to be genuine or the matter to be true. *See* Fed. R. Civ. P. 37(c)(2).

and objections were provided on December 30, 2025. Plaintiff has not filed anything in the record to indicate her position with respect to the discovery issues raised by Defendant.

Having considered the record, the Court will grant the instant motion to the extent it seeks an order compelling responses to the requests for production and interrogatories, but will deny relief with respect to the requests for admission.

A party generally waives all objections, with the exception of those pertaining to any applicable privileges or immunities, where it fails to provide timely discovery responses. *See In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989) ("[A]s a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived."); *B&S Equip. Co. v. Truckle Servs., Inc.*, No. 09-3862, 2011 WL 2637289, at *6 (E.D. La. July 6, 2011) (finding waiver of all objections to "discovery requests based on relevance, unduly burdensome, over broad, or any other objection not grounded on the attorney client or the work product privilege."). Rule 33 provides that the grounds for objecting to an interrogatory must be stated with specificity and any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure. Fed. R. Civ. P. 33(b)(4). Rule 34 similarly provides that the grounds for objecting to a request for production must be stated with specificity. Fed. R. Civ. P. 34(b)(2)(B). Rule 34 further provides that, "[a]n objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(C).

Here, Plaintiff did not submit **any** written responses or objections to Plaintiff's discovery requests within 30 days after they were served or by the extended deadline agreed upon by the

parties.[2] That Plaintiff provided late discovery responses after the filing of the Motion the Compel does not necessarily render the instant motion moot. *See* Fed. R. Civ. P. 37(a)(5)(A) (mandating award of expenses where the responding party provides the requested discovery after the filing of a motion to compel). Accordingly, the Court concludes that Plaintiff has waived all objections to the interrogatories and requests for production other than those based on any applicable privilege or immunities.

The Court will, however, allow Plaintiff to object to the written discovery to the extent they prematurely seek information and disclosures (including any expert identities and opinions) prior to specific deadlines set forth in the Court's Scheduling Order. Otherwise, Plaintiff must provide complete supplemental responses to the requests for production and interrogatories at issue, without further objection other than those based on any applicable privilege or immunities.

In addition, Plaintiff must provide appropriate dates for a property inspection in response to Defendant's Rule 34 Request for Inspection. Plaintiff's objection in his supplemental response to reinspection by any new expert is overruled. (*See* R. Doc. 12-1 at 12). Now that this action has been removed to federal court, Defendant may inspect the underlying property pursuant to Rule 34. The inspection may be conducted by an appropriate expert identified by Defendant. Given the nature of a property inspection, however, the Court will require the parties to meet and confer with respect to the timing and scope of the inspection. Any remaining disputes regarding the

---

[2] Among other things, Plaintiff waived any objections regarding the deadline for providing discovery responses. The written discovery at issue was served on September 30, 2025. The parties submitted a joint status report on November 20, 2025. (R. Doc. 7). "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). Furthermore, an "early" Rule 34 request for production "is considered to have been served at the first Rule 26(f) conference." *See* Fed. R. Civ. P. 26(d)(2). It is unclear when the parties held their Rule 26(f) conference. At any rate, in the absence of any positions submitted by Plaintiff, the record supports a finding that the parties held a Rule 37(a)(1) conference on November 20, 2025 at which Plaintiff agreed to provide responses by December 4, 2025. *See* Fed. R. Civ. P. 29.

property inspection must be raised by separate motion and accompanied by a certification pursuant to Rule 37(a)(1) or Rule 26(c)(1).

Because Rule 36 is self-executing, however, the Court will not issue any specific relief with respect to Defendant's requests for admission, which are deemed admitted under Rule 36. Plaintiff's untimely responses do not withdraw or amend the deemed admissions. (*See* R. Doc. 12-1 at 1-3). Furthermore, the Court will not withdraw or amend the deemed admissions absent the filing of a motion pursuant to Rule 36(b). *See Am. Auto. Ass'n (Inc.) v. AAA Legal Clinic of Jefferson Crooke, P.C.*, 930 F.2d 1117, 1120 (5th Cir. 1991).

While the Court finds it concerning that Plaintiff did not respond to Defendant's Motion to Compel, the Court will require the parties to bear their own costs given that Plaintiff provided certain untimely responses and the instant motion has been partially denied. *See* Fed. R. Civ. P. 37(a)(5)(C).

### III. Conclusion

For the foregoing reasons,

**IT IS ORDERED** that Defendant's Motion to Compel Plaintiff's Discovery Responses (R. Doc. 9) is **GRANTED IN PART and DENIED IN PART**. Plaintiff must provide complete supplemental responses to Defendant's interrogatories, requests for production, and request for inspection without any objections other than those pertaining to any applicable privileges or immunities, **within 7 days of the date of this Order**, or as otherwise agreed upon by the parties.

**IT IS FURTHER ORDERED** that the parties shall bear their own costs.

Signed in Baton Rouge, Louisiana, on February 9, 2026.

                                            **RICHARD L. BOURGEOIS, JR.**
                                            **UNITED STATES MAGISTRATE JUDGE**